**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Yhoana Garcia, a single woman,  )
                                                )    CIV 12-929 TUC FRZ (LAB)
        Plaintiff,                     )
v.                                                    )
                                                )
Mariano Garibay, a single man; and City of )    **REPORT AND**
Nogales,                                    )    **RECOMMENDATION**
                                                )
        Defendants.               )
_____)

       Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by the defendant City of Nogales. (Doc. 16)

       The plaintiff in this case, Yhoana Garcia, alleges that the defendant Mariano Garibay engaged in unlawful sexual conduct with her when she was a minor.  At the time, Garcia was a high school freshman participating in an Explores program sponsored by the Nogales Police Department, where Garibay was working as a police officer.  The defendant City of Nogales moves to dismiss those counts directed against it because it is immune from suit pursuant to A.R.S. § 12-820.05 and, in the alternative, because Garcia failed to include in her complaint factual allegations sufficient to support her claims.

       The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant to the local Rules of Practice. LRCiv 72.2.

       The court finds the motion suitable for decision without oral argument.

       The motion should be granted.  Nogales is statutorily immune from suit.

Standard of Review

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal punctuation omitted).

Background

In her complaint, Garcia alleges that when she was a freshman attending Nogales High School, she "participated in the Explorers Program, an extracurricular program provided through and supervised by the Nogales Police Department and available to students interested in careers in law enforcement." (Doc. 1-3, p. 2) She met the defendant Garibay "while he was working as a patrol officer with the Nogales Police Department and she was acting as a student volunteer" in that program. *Id.*, p. 3. Garibay asked her out on a date and eventually engaged in numerous instances of illicit sexual conduct with her. *Id.*, p. 3. Some of this conduct occurred while Garibay was on duty and took place in his patrol car. *Id.*

Eventually, a criminal complaint[1] charging Garibay with eleven counts of sexual conduct with a minor was filed in Santa Cruz County. (Doc. 17-1, pp. 2-3) Garibay pleaded guilty to

---

[1] The complaint and sentencing document may be considered by this court without converting the pending motion to dismiss into a motion for summary judgment. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

- 2 -

1 three of the eleven counts. (Doc. 17-2) The remaining counts were dismissed on motion by
2 the state. (Doc. 17-2, p. 5)
3       On November 20, 2012, Garcia commenced this action by filing a complaint in Santa
4 Cruz County. The action was subsequently removed by Nogales to this court on December 28,
5 2012. Garcia's complaint contains nine counts: (1) deprivation of civil rights pursuant to 42
6 U.S.C. § 1983, (2) battery, (3) intentional infliction of emotional distress, (4) negligent infliction
7 of emotional distress, (5) Garibay's negligence, (6) Nogales's negligent hiring of Garibay, (7)
8 negligent training, (8) Nogales's negligent supervision of Garibay, and (9) Nogales's negligent
9 retention of Garibay. (Doc. 1-3)

11       <u>Discussion: Statutory Immunity</u>
12       In the pending motion, Nogales argues it is immune from suit pursuant to A.R.S. § 12-
13 820.05. The statute reads in pertinent part as follows:
14 > A public entity is not liable for losses that arise out of and are directly attributable to an act or omission determined by a court to be a criminal felony by a public
15 > employee unless the public entity knew of the public employee's propensity for that action. This subsection does not apply to acts or omissions arising out of the
16 > operation or use of a motor vehicle.
17 A.R.S. § 12-820.05.
18       In this case, Garcia's damages "arise out of and are directly attributable" to Garibay's
19 sexual conduct with her, conduct that was "determined by a court to be a criminal felony."
20 A.R.S. § 12-820.05; (Doc. 17-1) Accordingly, Nogales is statutorily immune from suit unless
21 Garcia can show "[it] knew of the public employee's propensity for that action." *Id.* And, the
22 pending motion must be granted unless Garcia's complaint includes factual allegations showing
23 Nogales knew of Garibay's propensity to engage in illicit sexual conduct.
24       On the issue of propensity, Garcia alleges that "Nogales administrators . . . were aware
25 officers within the Nogales Police Department had engaged in sexual conduct with minors."
26 (Doc. 1-3, ¶ 15) She further alleges that "[u]nlawful sexual conduct between law enforcement
27 officers and underage Explorers Program student volunteers, nationwide, was sufficiently

- 3 -

1   publicized such that Nogales knew or should have known that underage student volunteers such
2   as Garcia . . . were targets of sexual predations of law enforcement officers." *Id*., ¶ 16.  These
3   allegations are insufficient.

4   Garcia alleges that Nogales knew that certain Nogales Police officers had engaged in
5   sexual conduct with minors.  She does not allege, however, that Garibay was one of them.
6   Similarly, she alleges that Nogales knew that Explores program student volunteers have been
7   targeted by law enforcement officers in the past.  She does not, however, allege that Nogales
8   had any information about *Garibay* specifically.  *See* (Doc. 17, p. 11) ("Garcia did not make
9   allegations of Garibay's prior known conduct, but she should be given an opportunity to do
10  so.")

11  The propensity exception to the immunity statute applies only if the "public entity knew
12  of *the public employee's* propensity for that action." A.R.S. § 12-820.05  (emphasis added).
13  Garcia does not allege that Nogales knew of *Garibay's* propensity to engage in sexual conduct
14  with minors or propensity to target Explorers Program student volunteers.  Accordingly, Garcia
15  fails to state a claim for which Nogales is not statutorily immune from suit pursuant to A.R.S.
16  § 12-820.05.  *See, e.g., Doe v. Dickenson*, 2008 WL 4933964, 8 (D.Ariz. 2008) ("Plaintiffs'
17  fourth assertion – that a principal at John Doe's school had viewed pornography on his school
18  computer – is not relevant to whether *Defendant Dickenson* had a propensity to molest
19  children.")  (emphasis in original); *see also Doe v. Dickenson*, 615 F.Supp.2d 1002, 1016
20  (D.Ariz. 2009) ("The farthest the cases have ever gone is to suggest that a public entity 'knew'
21  of an employee's propensity to commit a criminal act when it had actual knowledge that its
22  employee committed an act or acts in the past that were similar to the harm suffered by the
23  plaintiff.").

24  Garcia notes that Garibay was only convicted of three counts in an eleven-count
25  complaint. The remaining eight counts were dismissed by the trial court.  She argues that the
26  immunity statute would not apply to losses stemming from these dismissed counts because
27
28
- 4 -

dismissal is tantamount to an acquittal, and therefore the acquitted counts were not "determined by a court to be a criminal felony." The court does not agree.

The remaining eight counts were dismissed by the trial court on motion by the state after Garibay pleaded guilty to counts 2, 6, and 8. (Doc. 17-2, p. 5)  The order dismissing those counts does not indicate that they could not be proven or were otherwise defective.  *Id*. Presumably, they were dismissed in accordance with the plea agreement or as an act of prosecutorial discretion.  The dismissal does not act as an adjudication on the merits.

Garcia further argues that even if the remaining eight counts could have resulted in felony convictions, the immunity statute does not necessarily apply because Arizona has a sentencing statute that gives the trial court the discretion to designate a class 6 felony as a class 1 misdemeanor for sentencing purposes. (Doc. 17, p. 9) (citing A.R.S. § 13-604(A))  In other words, those dismissed counts could have resulted in  misdemeanor convictions, and therefore the immunity statute need not apply.  The court does not agree.

The immunity statute applies to "losses that arise out of and are directly attributable to an act or omission *determined by a court to be a criminal felony. . . .*"  A.R.S. § 12-820.05 (emphasis added).  The conduct need not result in a felony conviction.  In fact, the conduct need not have been prosecuted at all.  *Fernandez v. City of Phoenix*, 2012 WL 2343621, 4 (D. Ariz. 2012); *State v. Heinze*, 196 Ariz. 126, 130, 993 P.2d 1090, 1094 (App. 1999).  All that matters is that a court determined that the act constituted a criminal felony.  Here, Garibay's acts were charged as class 6 felonies in a criminal complaint that was signed by a justice of the peace in Santa Cruz County.  (Doc. 17-1) The signature of that judicial officer is a determination that "an offense has been committed and the defendant committed it." Ariz.R.Crim.P. 2.4.  Accordingly, a court has determined that Garibay's alleged acts constituted criminal felonies.  *See also Doe v. Dickenson*, 615 F.Supp.2d 1002, 1015 (D.Ariz. 2009) (citing A.R.S. § 13-1405 as "making sexual conduct with a minor a felony offense").  That is all that is necessary.

1 Finally, Garcia argues the immunity statute does not apply because the sexual conduct occurred in Garibay's police car. The court does not agree that the location of the sexual conduct removes Garibay's acts from the ambit of the immunity statute.

The immunity statute "does not apply to acts or omissions arising out of the operation or use of a motor vehicle." A.R.S. § 12-820.05. The parties in this case have not directed the court to an Arizona case construing that particular phrase. Arizona courts have, however, construed a similar phrase in the insurance context, "arising out of the ownership, maintenance or use of such . . . motor vehicle." *Love v. Farmers Ins. Group*, 121 Ariz. 71, 73, 588 P.2d 364, 366 (App. 1978). Because the wording of the two phrases is so similar, the Arizona court's analysis of the latter phrase is instructive in construing the former.

Arizona courts construe the phrase "arising out of the ownership, maintenance or use" of a motor vehicle to require "a causal relationship between the injury and ownership, maintenance or use of the car." *Love v. Farmers Ins. Group*, 121 Ariz. 71, 74, 588 P.2d 364, 367 (App. 1978). In *Love*, for example, the victim was kidnaped, placed in a vehicle, and beaten to death while his assailants drove him to a remote spot in the desert. *Id.* at 73, 366. The court in *Love* found that while the killing took place in the automobile, "the victim's death did not result from an accident 'arising out of the ownership, maintenance or use' of the vehicle." *Id.* Use of the vehicle did not cause the injury. The vehicle was simply the situs of the injury.

Similarly here, while the sexual conduct may have taken place in a vehicle, use of the vehicle did not cause her injury. Accordingly, her loss did not "arise[] out of the operation or use of a motor vehicle." *See* A.R.S. § 12-820.05; *see, e.g., Mazon v. Farmers Ins. Exchange*, 107 Ariz. 601, 603, 491 P.2d 455, 457 (1971) ("[W]e can find no causal relationship between an injury resulting from a stone thrown by an unknown person from an unidentifiable vehicle, and the ownership, maintenance or use of that vehicle."); *Limon v. City of Balcones Heights*, 2007 WL 295630, 1 (W.D.Tex. 2007) (Municipality was not liable for sexual assault committed by one of its police officer in his patrol car because the injury did not "arise[] from the operation or use of a motor-driven vehicle. . . .").

- 6 -

Garcia's complaint fails to state a claim for which Nogales would not be immune from liability pursuant to A.R.S. § 12-820.05. Garcia's complaint must be dismissed as it pertains to Nogales. The statute applies to all counts directed against Nogales regardless of whether liability is direct or vicarious. *Fernandez v. City of Phoenix*, 2012 WL 2343621, 5 (D. Ariz. 2012).

Discussion: State Law Claims

Nogales argues in the alternative that Garcia failed to include sufficient factual allegations to support claims 3, 4, 6, 7, 8, and 9. Because Garcia should be given an opportunity to amend her complaint, the court will address these additional issues. *See Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (punctuation modified).

Nogales argues that Garcia failed to alleged facts sufficient to support her claim for intentional infliction of emotional distress (iied) and her claim for negligent infliction of emotional distress (nied).

In Arizona, "[t]he tort of intentional infliction of emotional distress requires proof of three elements: [f]irst, the conduct by the defendant must be 'extreme' and 'outrageous'; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct." *Citizen Publishing Co. v. Miller*, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005).

Nogales argues Garcia failed to allege sufficient facts to support her claim that Garibay acted knowingly or recklessly to cause her emotional distress. It further argues Garcia failed to allege facts supporting her claim that she suffered severe emotional distress. The court does not agree.

Garcia alleges that Garibay abused his position of authority as an officer in the Nogales Police Department to engage in illicit sexual conduct with her when she was a high school freshman. (Doc. 1-3, ¶¶ 6-26) She further alleges she has incurred healthcare expenses and experienced pain, suffering, emotional distress, and loss of enjoyment of life. (Doc. 1-3, ¶¶ 34-35) Garcia has pleaded sufficient facts to support her claim for intentional infliction of emotional distress.

Nogales further argues Garcia failed to allege sufficient facts to support her claim for negligent infliction of emotional distress. In particular, Nogales argues Garcia failed to allege specific facts supporting her allegation that Garibay "unintentionally caused emotional distress to [her] or that he should have realized that he was causing distress that might result in illness or bodily harm." (Doc. 16, p. 6) The court does not agree. As the court observed above, Garcia specifically alleges that Garibay engaged in illicit sexual conduct with her when he was a 28-year-old police officer and she was a high school freshman. (Doc. 1-3, ¶¶ 10, 13) This is sufficient.

Nogales further argues Garcia failed to allege that she suffered physical injury as a result of Garibay's negligence. (Doc. 16, p. 6) A claim for negligent infliction of emotional distress, however, does not require physical injury. *Harris v. Maricopa County Superior Court*, 631 F.3d 963, 978-79 (9th Cir. 2011).

Nogales further argues Garcia failed to provide factual allegations in support of her claims for negligent hiring, training, supervision, and retention. The court agrees. Garcia failed to allege any facts to support these claims.

In her complaint, Garcia alleges that Nogales was aware that certain officers had engaged in sexual conduct with minors. (Doc. 1-3, p. 5) She further alleges that Nogales was aware that Explorers program students were targeted in the past. (Doc. 1-3, p. 6) These allegations, however, are not enough. At most, they support the proposition that Nogales knew that the relationship between police officers and Explorers program volunteers contained a potential for abuse. They might be relevant, for example, to show that Nogales "owed a duty to plaintiff to

employ a responsible and trustworthy person, without criminal proclivity." *Henning v. Monticini Hospitality, Inc.*, 217 Ariz. 242, 247, 172 P.3d 430, 435 (App. 2007). They do not, however, explain what Nogales did, or did not do, to breach this duty of care. *See, e.g., Kassman v. Busfield Enterprises, Inc.*, 131 Ariz. 163, 166, 639 P.2d 353, 356 (App. 1981) ("Liability results . . . not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment.").

Finally, Nogales argues that Garcia's complaint must be dismissed in so far as it asks for punitive damages against the city. Under A.R.S. § 12-820.04, public entities are not liable "for punitive or exemplary damages." Garcia does not dispute Nogales's recitation of the law. She notes, however, that her complaint does not ask for punitive damages against the city. This aspect of Nogales's motion, therefore, appears to be moot.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the pending motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6) filed by the City of Nogales. (Doc. 16) The complaint should be dismissed as it pertains to the defendant City of Nogales. Nogales is statutorily immune from suit.

Garcia should be given the opportunity to file an amended complaint to address the shortcomings identified by the court. *See Doe v. U.S.*, 58 F.3d 494, 497 (9th Cir. 1995).

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See U. S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), *cert. denied*, 540 U.S. 900 (2003).

DATED this 9th day of April, 2013.

Leslie A. Bowman
United States Magistrate Judge